■ FEDERAL INSURANCE COMPANY, Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent, et al., Defendants. —Order of the Supreme Court, New York County (Charles Ramos, J.), entered September 27, 1990, which in this declaratory judgment action denied as premature plaintiff's cross-motion seeking, *inter alia,* reimbursement of one-half of the defense costs expended by Federal on behalf of Federal's and Insurance Company of North America's (INA) mutual insureds, unanimously reversed, on the law, with costs, partial summary judgment is granted to Federal on the issue of reimbursement of the defense costs, and the matter is remanded for a determination of the amount of the defense costs and interest.

Plaintiff was the insurer for a subcontractor, Acme Ace Foundations, which performed excavation work for DeMatteis Construction and others at a high-rise project located at the corner of 60th Street and Third Avenue in Manhattan. Acme had procured a general liability policy from plaintiff, and added DeMatteis and the defendant 3rd & 60th Associates, as additional insureds for any liability attributed to Acme in its performance on this project. DeMatteis Construction had obtained a comprehensive general liability policy from defendant, Insurance Company of North America, naming itself, 3rd & 60th Associates and Olshan Associates, as the insureds. Acme was not an insured under that policy.

Prior to this action, there were four actions for damages alleging negligence against INA's and Federal's insureds. These actions were settled with contributions from INA on behalf of DeMatteis and 3rd & 60th Associates; from Federal

on behalf of Acme, DeMatteis and 3rd & 60th Associates; and contributions from other defendants. The duty to share defense costs between two insurers of the same insured does not have to await the determination of liability *(Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos.,* 139 AD2d 379, *affd* 74 NY2d 621). As this court therein stated *(supra,* at 384), "an insurer's duty to defend is broader than its duty to indemnify, and is triggered, irrespective of the insurer's ultimate duty to indemnify, whenever the allegations of a complaint fall within the scope of the coverage provided".

The policy between INA and DeMatteis provides in part that "the company [INA] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * property damage * * * and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such * * * property damage". Since the policy limits of both Federal and INA are identical, and both contain the same "other insurance" clauses, and since all the liability actions were settled, the defense costs should be apportioned equally. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.